IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, NORTHERN DIVISION

| | |
|---|---|
| REPUBLIC BANK,<br><br>        Plaintiff,<br><br>v.<br><br>ADRIANA MEJIA,<br><br>        Defendant. | REPORT AND RECOMMENDATION<br><br>Case No. 1:13-cv-00150 -DB-DBP<br><br>District Judge Dee Benson<br><br>Magistrate Judge Dustin B. Pead |

## I.      INTRODUCTION

This diversity matter was referred to the Court under 28 U.S.C. § 636(b)(1)(B).  (Docket No. 15.)  On October 18, 2013, Plaintiff brought this complaint against pro se Defendant due to Defendant's contract breach.  (Dkt. No. 2.)  Defendant failed to timely answer the complaint.  Therefore, on February 12, 2014, Plaintiff moved for entry of default.  (Dkt. No. 5.)  On February 14, 2014, the Clerk of Court entered a default certificate as to Defendant.  (Dkt. No. 6.)

On February 26, 2014, Defendant filed this motion to quash service and to set aside the default certificate against her.  (Dkt. No. 7.)  For the reasons set forth below, this Court **RECOMMENDS** that the District Court **DENY** Defendant's motion.

## II.      DEFENDANT'S MOTION TO QUASH SERVICE

Defendant moves to quash service of the summons and complaint on her.  She avers that neither she nor her fourteen-year-old son "received service" of the summons and complaint.

(Dkt. No. 7 at 3.)  Plaintiff opposes Defendant's motion because it believes it effected proper service under Fed. R. Civ. P. 4(e)(2).  (Dkt. No. 11.)

Relevant here, Fed. R. Civ. P. 4(e)(2)(B) permits service by "leaving a copy of [the summons and complaint] at the [defendant's] dwelling or usual place of abode with someone of suitable age and discretion who resides there[.]"

According to the process server's signed and notarized affidavit, on October 29, 2013, he attempted personal service on Defendant at her abode.  (Dkt. No. 5-1.)  The server spoke with Defendant's son, who the server described as "fifteen (15) years of age or older . . . ." (*Id.*)  The son confirmed that Defendant was his mother.  (*Id.*)  The son told the server that Defendant "was not home but she would return in 15-20 minutes."  (*Id.*)  The server waited outside for an hour but Defendant failed to show up.  The server suspected that Defendant's son called her to warn her.  (*Id.*)

On October 31, 2013, the server returned to Defendant's abode but Defendant's son, who the server could see through the window, refused to open the door.  (Dkt. No. 5-1.)  As a result, the server informed Defendant's son about the content of the summons and complaint from outside and left the documents at the door.  (*Id.*)

The Court concludes that the process server's actions complied with Fed. R. Civ. P. 4(e)(2)(B).  The server left the summons and complaint at Defendant's abode with Defendant's son, who the Court considers of suitable age and discretion.  *See Perkins v. Johnson*, Civil Case No. 06-cv-01503-REB-PAC, 2008 WL 275768, at *3 (D. Colo. Jan. 29, 2008) (unpublished) ("[T]he Court is persuaded that [the server's] act of leaving the papers on the threshold of [the defendant's] home in the sight of her thirteen-year-old daughter satisfies the requirements for service pursuant to Fed. R. Civ. P. 4(e)(2)(B).").

The Court further concludes that Defendant has failed to "overcome" Plaintiff's evidence of effective service by her own "strong and convincing evidence." *Oltremari by McDaniel v. Kan. Soc. & Rehab. Serv.*, 871 F. Supp. 1331, 1349 (D. Kan. 1994). Defendant does not assert that "she does not reside where the documents were served . . . or that [her] son is not of suitable age and discretion." (Dkt. No. 11 at 4.)

Instead, Defendant submits a "vague and unsupported" affidavit that neither she nor her son received service. (*Id.*) Such "a bare allegation . . . that [s]he was improperly served cannot be allowed" to contradict the process server's signed return of service. *Oltremari by McDaniel*, 871 F. Supp. at 1349-50 (noting that a process server's "signed return of service constitutes prima facie evidence of valid service . . . .").

### III.    DEFENDANT'S MOTION TO SET ASIDE ENTRY OF DEFAULT

Fed. R. Civ. P. 55(a) requires a clerk of court to enter a party's default where the party "has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise[.]" A court "may set aside an entry of default for good cause[.]" Fed. R. Civ. P. 55(c). "The principal factors" a court should consider when deciding "whether a defendant has met the good cause standard are (1) whether the default was the result of culpable conduct of the defendant, (2) whether the plaintiff would be prejudiced if the default should be set aside, and (3) whether the defendant presented a meritorious defense." *Hunt v. Ford Motor Co.*, No. 94-3054, 1995 WL 523646, at *3 (10th Cir. Aug. 29, 1995) (unpublished) (citation omitted).

Based on the allegedly defective service of process discussed above, Defendant moves the Court to set aside the default certificate entered against her. (Dkt. No. 7 at 2.) However, the Court agrees with Plaintiff that Defendant has failed to show good cause to set aside the entry of default. (Dkt. No. 11 at 4.)

As discussed above, the Court believes that Plaintiff properly effected service on Defendant. Defendant's culpable conduct in ignoring this service resulted in the entry of default against her. *See Alan Neuman Prods., Inc. v. Albright*, 862 F.2d 1388, 1392 (9th Cir. 1988) (refusing to set aside entry of default because the defendant committed culpable conduct where he "knew that the complaint had been filed" but "intentionally failed to answer."). Moreover, Defendant failed to assert a meritorious defense against the entry of default in her case.

## IV.    RECOMMENDATIONS

For the reasons discussed above, this Court **RECOMMENDS** that the District Court **DENY** Defendant's motion to quash service and to set aside the entry of default against her. (Dkt. No. 7.)

Copies of the foregoing Report and Recommendation are being sent to all parties who are hereby notified of their right to object. Within **fourteen (14) days** of being served with a copy, any party may serve and file written objections. *See* Fed. R. Civ. P. 72(b)(2). Failure to object may constitute a waiver of objections upon subsequent review.

Dated this 9th day of June, 2014.          By the Court:

_____
Dustin B. Pead
United States Magistrate Judge